# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ALDI, INCORPORATED, )<br>Defendant. ) | Civil Action No.<br><br>COMPLAINT<br>Jury Trial Demand |

## NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Kimberly A. Bloom who was adversely affected by such practices. As articulated with greater particularity in Paragraph 8 below, the Commission alleges that Defendant Aldi, Incorporated ("Defendant") discriminated against Kimberly A. Bloom on the basis of her religion, Protestant, when she was denied a reasonable accommodation, and for religious observance thereafter when it terminated her employment, because of her religion. As a result of the discriminatory discharge, Ms. Bloom suffered severe emotional distress damages and back pay losses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Aldi Incorporated, an international grocery retailer, with a retail store in Uniontown, Pennsylvania, has been doing business in the State of Pennsylvania, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the initiation of this lawsuit, Kimberly A. Bloom filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least December 2005, Defendant has engaged in unlawful employment practices at its Uniontown, Pennsylvania grocery store in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the Commission alleges that Defendant discriminated against Kimberly A. Bloom on the basis of her religion, Protestant, as follows:

(a) Kimberly A. Bloom is a Christian Protestant. She was hired to work at Defendant's Uniontown, Pennsylvania grocery store as a Casual Cashier on November 5, 1998. Theresa

Salandra was the District Manager. During the relevant time, there were approximately four full-time Cashiers and three Casual Cashiers employed at that location.

(b) As a Casual Cashier, Ms. Bloom needed to be available to work 3 days per week, and worked up to 20 hours weekly. Ms. Bloomed regularly worked any of the three shifts: opening, mid-shift, and closing. Prior to January 2006, Ms. Bloom was not required to work on Sundays, as the store was closed every Sunday.

(c) Ms. Bloom had an excellent performance and attendance record with Defendant. She had never received any disciplinary warnings or negative evaluations concerning her performance, or customer complaints. She required minimal to no supervision of her work.

(d) In November 2005, upon first learning that Defendant's Uniontown grocery store was targeted to become a 7-day per week operation, Ms. Bloom approached District Manager Theresa Salandra and reminded her that she was unable to work on Sundays due to her religious convictions. In response, Ms. Salandra stated that she would look into the matter and provide Ms. Bloom with a response.

(e) December 4, 2005, was the first time Defendant's Uniontown store opened on a Sunday. (f) In or about January 2006, upon examining the new work schedule and learning that she was scheduled to work Sunday, January 22, 2006, Ms. Bloom tried to meet with Ms. Salandra to request that she be given a religious accommodation so that she would not be required to work on Sunday, due to her religious beliefs.

(g) On January 12, 2006, Ms. Bloom met with Ms. Salandra about the proposed Sunday work schedule to request the day off for religious observance. However, on January 14, 2006, Ms. Salandra informed Ms. Bloom that she had to work Sundays, but would be granted the time off to

3

attend church services. Defendant's response failed to effectively accommodate Ms. Bloom's religious conflict of observing the Sabbath on Sundays. Ms. Bloom offered to work any other alternate schedule, including Saturdays, evenings, and holidays. Defendant informed Ms. Bloom that if she failed to work on Sundays, she would be subjected to discipline and/or termination.

(h) On Sunday, January 22, 2006, Ms. Bloom did not report to work, as scheduled, due to her religious practices. She provided Defendant with advance notification that she could not work on that date.

(i) Ms. Bloom was next scheduled to work Sunday, February 5, 2006. Ms. Bloom requested, in writing, that she be granted a religious accommodation not to be scheduled to work on Sundays. Again, Defendant declined to provide Ms. Bloom with a religious accommodation.

(j) Ms. Bloom did not report to work on Sunday, February 5, 2006, and she again provided Defendant with advance notification that she could not work on that date. In response, Defendant discharged Ms. Bloom, effective February 7, 2006.

(k) Ms. Bloom's requested accommodation, that she be able to work on a different day, was not an undue hardship for Defendant. The decision to terminate Ms. Bloom's employment because of her religious convictions, rather than offer her a reasonable accommodation, was in violation of Title VII.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Ms. Bloom of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion, Protestant.

10. The unlawful employment practices complained of in paragraph 8 above were intentional and were done with malice or with reckless indifference to the federally protected rights

4

of Ms. Bloom.

## PRAYER FOR RELIEF

11.   Wherefore, the Commission respectfully requests that this Court:

   A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to reasonably accommodate religious beliefs and/or terminate individuals due to their religious convictions, and, any other employment practice which discriminates on the basis of religion.

   B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

   C.   Order Defendant to make Ms. Bloom whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

   D.   Order Defendant to make Ms. Bloom whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above, including, but not limited to, her losses resulting from humiliation, pain, suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

   E.   Order Defendant to pay Ms. Bloom punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

   F.   Grant such further relief as the Court deems necessary and proper in the public interest.

Case 2:06-cv-01210-NBF   Document 1   Filed 09/11/2006   Page 6 of 6
Case 1:09-mc-02025-NBF   Document 222-11   Filed 09/14/2006   Page 6 of 6

interest.

   G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        WASHINGTON, DC

        */s/ Jacqueline H. McNair*
        JACQUELINE H. MCNAIR
        Regional Attorney

        */s/ Judith A. O'Boyle*
        JUDITH A. O'BOYLE
        Supervisory Trial Attorney

        */s/ Iris Santiago-Flores*
        IRIS SANTIAGO-FLORES
        Senior Trial Attorney Pa Id. No. 60171
        Iris.Santiago-Flores@eeoc.gov

        */s/ M. Jean Clickner*
        M. JEAN CLICKNER
        Senior Trial Attorney

        U.S. EEOC, Philadelphia District Office
        21 S. 5th Street, Suite 400
        Philadelphia, PA 19106
        (215) 440-2684(direct)
        (215) 440-2828(fax)