IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br>     Plaintiff, ) <br> ) <br>   and ) <br> ) <br> KIMBERLY A. BLOOM, ) <br>     Plaintiff-Intervenor, ) <br> ) <br>   v. ) <br> ) <br> ALDI, INC., ) <br>     Defendant. ) | Civil Action No. 06-01210 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on Aldi, Inc.'s Motion for Reconsideration of its Motion to Compel Production of Documents Concerning Sunday Purchases by Plaintiff-Intervenor Kimberly Bloom [74], filed by Defendant Aldi, Inc. on May 22, 2008, in which Aldi requests reconsideration of the Court's June 7, 2007 Order denying Defendant Aldi Incorporated's Memorandum in Support of its Motion to Compel Responses to Second Set of Interrogatories and Second and Third Requests for Production of Documents (hereinafter, "motion to compel").[1] (*See* Text Order Entry of June 7, 2007). On May 29, 2008, Plaintiff-Intervenor Kimberly A. Bloom filed Plaintiff-Intervenor's Response to Defendant's Motion for Reconsideration of its Motion to Compel. (Docket No. 75). Plaintiff Equal Employment Opportunity Commission had until June 2, 2008 to file a response but did not do so.

At the heart of Aldi's motion is Document Request 1 in its Third Request for Production of

---

[1] The Court notes that Defendant Aldi's "Memorandum" referenced a motion never filed with the Court, *see* Docket No. 34, a point which the Court previously noted, *see* Text Order Entry of June 4, 2007.

Documents, served on Bloom on April 26, 2007, which reads in full:

> Please produce all documents referring, relating to, evidencing or concerning any and all purchases that you, or any member of your immediate family, have made on a Sunday since November 2005, including but not limited to receipts, credit card bills, bank debit card statements and online purchase confirmations.

(Docket No. 74 at 19). On May 23, 2007, within the time limit to respond under the Federal Rules, Bloom answered: "Plaintiff does not have any documents that would show any purchases made on Sunday by herself or her immediate family as they do not make purchases on Sunday." (Docket No. 74 at 23). Thereafter on June 1, 2007, Aldi filed its motion to compel, in which it requested the Court to compel responses to, among other discovery requests, Aldi's Document Request 1. On June 6, 2007, Bloom filed Plaintiff-Intervenor's Response to Defendant's Motion to Compel, in which Plaintiff responded that "no such documents exist, because she does not make purchases on Sunday." (Docket No. 36 at 4). On June 7, 2007, the Court denied Aldi's motion to compel, and now, nearly one year later, Aldi filed the instant motion for reconsideration. The Court will deny Aldi's motion for three reasons.

First, the Court finds that Aldi's motion is untimely insofar as it seeks to engage in discovery well after the deadline for the same has long passed.[2] Discovery ended in this matter on April 30, 2007, more than one year prior to the filing of the instant motion. Aldi attempts to explain its lengthy delay in time by asserting the following: "Since the Court's initial ruling on the Motion to

---

[2] While Aldi does not cite any Federal Rule of Civil Procedure as the basis for its motion for reconsideration, the Court presumes that Defendant seeks relief under Rule 60(b), which allows a motion for relief from an order "within a reasonable time" but no more than one year after entry of the order. *See* Fed.R.Civ.P. 60(c)(1). Hence, in the context of Rule 60(b), Aldi's motion for reconsideration is timely.

Compel, Bloom has asserted an entirely new allegation which renders the documents about Bloom's Sunday purchases even *more* critical to a central issue in this case--the sincerity of Bloom's alleged religious beliefs." (Docket No. 74 at 1) (emphasis in original). According to Aldi, the new allegation[3] arose in Bloom's opposition to Aldi's summary judgment motion, which Plaintiff Bloom filed on or about July 25, 2007. (*See* Docket No. 74 at ¶9); (*see also* Docket Nos. 49, 50, 51, 53). Even if the Court agreed with Aldi's argument as to the purported "new allegation," per Aldi's own words, it learned of Bloom's "new allegation" on or about July 27, 2007 by way of her affidavit yet Aldi filed the instant motion on May 22, 2008. Aldi provides no explanation for the 10-month delay.[4] Therefore, the Court finds that Aldi's motion is untimely.

Second, the Court finds that Aldi's motion failed to comply with Federal Rule of Civil Procedure 37 as well as Local Rule 37.1. Federal Rule of Civil Procedure 37 requires a motion for an order compelling disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1). Along the same lines, Local Rule 37.1 provides that counsel for the moving party shall attach "a certificate that said counsel or unrepresented party has made a reasonable effort to reach agreement with opposing counsel or

---

[3] Aldi asserts that the "new allegation" raised by Bloom in her affidavit in response to summary judgment was the following: "In addition to not working on Sunday because of my religious beliefs, I do not perform acts on Sunday that would require others to work for me on that day. Thus, for example, I do not purchase items on Sunday, because I believe that would require another person to work that day." (Docket No. 74, Exh. D, at ¶9).

[4] While Aldi's motion for summary judgment was pending at the time when Plaintiff Bloom's purported "new allegation" arose, Aldi failed to file a motion for reconsideration as to the motion to compel at that time. Instead, Aldi waited nearly two months until after the Court's ruling on summary judgment.

unrepresented parties on the matters set forth in the motion and summarizing the facts and circumstances of that reasonable effort." W.D.Pa. L.R. 37.1(A). Here, in its "Discovery Dispute Certificate," Aldi asserts the following as its reasonable effort: "On Wednesday, May 21, 2008, [counsel for Defendant] wrote an e-mail to Plaintiff's counsel Sam Cordes and EEOC counsel Iris Santiago-Flores advising them that Aldi intended to file a Motion for Consideration of Aldi's Motion to Compel production of documents ... ." (Docket No. 74 at 7). Aldi then asserts that "[a]s of the date of this filing, Aldi's counsel has not received any response to its Local Rule 37.1A correspondence." (Docket No. 74 at 7). Aldi filed the instant motion on May 22, 2008. Hence, Aldi asserts that sending an email and waiting approximately twenty-four hours[5] constitutes "reasonable effort" under the Local Rules or a good faith attempt to confer under the Federal Rules. The Court disagrees. Aldi's email and brief waiting period falls short of the effort required under both the Federal Rules and the Local Rule. At the very least, in the Court's estimation, a reasonable effort as well as an attempt to confer requires a moving party to obtain a response to its discovery request before filing the corresponding discovery motion.

Third, Plaintiff has responded to Aldi's Document Request 1 on two separate occasions that she does not have any responsive documents. (*See* Docket No. 74, Exh. C, at 22-24) ("Plaintiff-Intervenor's Answer to Defendant's Third Request for Production of Documents"); (Docket No. 36 at 4) ("Plaintiff-Intervenor's Response to Defendant's Motion to Compel"). Nevertheless, Aldi "renews" its request for said documents, seemingly under the presumption that Plaintiff in fact

---

[5] Aldi filed the instant motion at 5:21 p.m. on May 22, 2008. However, because Aldi did not attach a copy of the alleged e-mail sent to Plaintiffs' respective counsel on May 21, 2008, the Court does not exactly know how long Aldi waited for a response until it filed the instant motion.

4

possesses responsive documents despite her continual assertions to the contrary.[6] The Court accepts the Plaintiff's representation both in her initial response to Document Request 1 as well as in documents filed with this Court that she does not possess any responsive documents. In the apt words of Plaintiff, "there is nothing to compel."

Accordingly, based on the foregoing, the Court **DENIES** Aldi, Inc.'s Motion for Reconsideration of its Motion to Compel Production of Documents Concerning Sunday Purchases by Plaintiff-Intervenor Kimberly Bloom [74].

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: All counsel of record.

Date: June 3, 2008.

---

[6] In its motion, Aldi asserts that "it has received information that Bloom and her immediate family *do* in fact engage in commerce on Sundays," (Docket No. 74 at ¶7) (emphasis in original), yet Aldi fails to place the same before the Court, save its vague reference. Without any support, Aldi's statement amounts to nothing more than pure speculation.