# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) Civil Action No. 06-01210<br>) Judge Nora Barry Fischer<br>) |
| KIMBERLY A. BLOOM, | )<br>) |
| Plaintiff-Intervenor, | )<br>)<br>) |
| v. | )<br>) |
| ALDI, INCORPORATED, | )<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

Currently before this Court are several motions in limine filed in this matter. Having heard oral argument on the motions on December 16, 2008, and after consideration of the parties' submissions, the Court addresses all of the outstanding motions in this consolidated Memorandum Order.

    I.    *Plaintiffs' Motions in Limine to Preclude Evidence of Whether the Bible Requires Abstinence from Work on Sundays (Docket No. 83)* and *to Preclude Evidence of Bloom's Religious Beliefs Unrelated to Work on Sundays (Docket No. 87)*

Plaintiffs argue that Defendant should be prohibited from introducing evidence of whether the Bible requires abstinence from work on Sundays on the basis that it is irrelevant and that any probative value is substantially outweighed by the danger of unfair prejudice under Federal Rule of

Evidence 403. (Docket No. 83 at 3). Defendant counters that it must be allowed to introduce such evidence as it goes directly to whether Plaintiff Bloom sincerely believes that the Bible precludes work on Sundays. (Docket No. 120 at 3).

Allowing Defendant to introduce specific Bible passages related to work on Sunday and questioning Plaintiff Bloom as to her interpretation of those passages would introduce in this trial issues that are the purview of religious scholars, not jurors, and any such inquiry would undoubtedly confuse the jury. FED. R. EVID. 403. The Court is also mindful of the Supreme Court's dictate in the First Amendment context that courts should not undertake to dissect religious beliefs. *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 715 (1981). Accordingly, the Court finds that this potential line of inquiry has minimum probative value, and that any value it may have is substantially outweighed by the danger of unfair prejudice and could create an unfair advantage for Defendant. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).

Of course, if Plaintiff Bloom asserts that specific Bible passages support her claim that her religious beliefs prohibit her from working on Sunday, then Defendant will be entitled to cross-examine Plaintiff Bloom as to those passages which she asserts support that specific belief. However, the scope of any such cross-examination may not include whether *the Bible* permits work on Sunday, as that line of questioning goes to the "truth" of Bloom's beliefs rather than whether she sincerely believes that the tenets of her religious faith prohibit her from working on Sundays. *See United States v. Seeger*, 380 U.S. 163, 185 (1965); *see also Love v. Reed*, 216 F.3d 682, 688-89 (8th Cir. 2000).

Citing Federal Rule of Evidence 402, Plaintiffs similarly seek to preclude evidence of

2

Bloom's religious beliefs unrelated to work on Sundays on the basis that it is irrelevant to the question of whether Bloom sincerely believes working on Sunday is a sin. (Docket No. 87 at 3). Defendant counters that it is entitled to question her as to whether she "in fact believes all portions of the Bible to be literally true, or only the ones that allow her to stay home on Sundays while her coworkers work her undesirable shifts." (Docket No. 119 at 3).

The relevant inquiry in this case is whether Bloom has a sincere religious belief that prevents her from working on Sundays. *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 319 (3d Cir. 2008). While an inquiry into Bloom's broader religious beliefs may have some minimum probative value into the sincerity of her beliefs regarding work on Sunday, this value would be substantially outweighed by the danger that such an inquiry would result in confusion of the issues. *See Coleman*, 306 F.3d 1333 at 1343. Bloom's interpretation of the Bible as it relates to homosexuality, slavery, and other controversial issues are of minimum probative value and are so inflammatory in nature that they are likely to give Defendant an unfair advantage and distract the jury from the true issues to be decided. *See* FED. R. EVID. 403. Moreover, questioning Bloom about her religious beliefs unrelated to work on Sundays may improperly enhance or impair her credibility in violation of Federal Rule of Evidence 610.

Defendant argues that the title of Plaintiffs' motion (i.e., to preclude evidence of Plaintiff Bloom's religious beliefs unrelated to work on Sundays) indicates that it seeks to prevent Defendant from introducing relevant evidence such as the fact that Bloom does not believe in organized religion. (Docket No. 119 at 4). The Court does not read Plaintiffs' motion as broadly as the Defendant. The Court reads the motion at Docket No. 87 as requesting the Court to preclude

3

Defendant from inquiring about specific tenets of Plaintiff Bloom's faith that are based on her interpretation of specific Bible passages and are in no way related to her belief that working on Sunday is a sin. This in no way precludes Defendant from asking Plaintiff Bloom about the general basis for this religious belief or presenting evidence that contradicts any testimony Bloom may offer at trial.

Accordingly, Plaintiffs' Motion in Limine to Preclude Evidence of Whether the Bible Requires Abstinence from Work on Sundays (Docket No. 83) and Motion in Limine to Preclude Evidence of Bloom's Religious Beliefs Unrelated to Work on Sundays (Docket No. 87) are granted.

> II. *Plaintiff Bloom's Motions in Limine to Exclude Evidence of Business Hiring in Uniontown After Bloom's Termination (Docket No. 85) and to Preclude Evidence of Lost Wages or Mitigation to the Jury (Docket No. 86)*

Plaintiff Bloom seeks to prohibit Defendant from introducing evidence of businesses that were hiring in Uniontown, Pennsylvania after she was terminated by Defendant. (Docket No. 85). Further, she seeks to exclude evidence related to lost wages or mitigation from the jury. (Docket No. 86). As both motions are related to evidence supporting the defense of mitigation, the following analysis addresses both motions.

At the outset, to the extent that both motions seek to exclude a chart listing businesses that were hiring in Uniontown after Plaintiff Bloom was terminated (Docket No. 71-1 at iii), both motions are denied as moot, as Defendant withdrew said chart from its list of proposed exhibits during the Pretrial Conference held on December 16, 2008 ("Pretrial Conference").

Next, Plaintiffs contend that evidence related to back pay and mitigation are not relevant to

the jury's determination, as back pay is to be determined by the Court under *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 (3d Cir. 2006). (Docket No. 86 at 2). While Defendant concedes that back pay in a Title VII case is an issue to be determined by the Court, it contends that the evidence at issue in both motions is relevant and should be admissible before the jury because 1) if the jury finds Defendant liable, it will determine her damages for emotional distress that resulted from the alleged financial stress of losing her job, and 2) the fact that she has not found a replacement job in the intervening three years reveals that her motivation for refusing to work on Sunday was not based on a religious beliefs but rather on her personal preference to spend weekends with her family. (Docket No. 118 at 3-4).

At the Pretrial Conference, Plaintiffs represented to the Court that they will not introduce evidence to the jury that suggests that Plaintiff Bloom suffered emotional distress as a result of losing her job or the financial hardship that resulted from that termination. Rather, Plaintiffs contend that any emotional distress suffered by Plaintiff Bloom was a result of her beliefs being questioned and ridiculed.

As to Defendant's argument that Plaintiff Bloom's failure to find a job in the intervening three years is relevant to a jury's assessment of the sincerity of her religious beliefs, the Court finds this argument unpersuasive. The Defendant has pointed to no specific fact relating to Bloom's lack of employment during these years that would tend to make the sincerity of her religious beliefs more probable or less probable than they would otherwise be without this evidence. *See* FED. R. EVID. 401.

Accordingly, Plaintiff Bloom's Motions In Limine to Exclude Evidence of Business Hiring

in Uniontown After Bloom's Termination (Docket No. 85) and to Preclude Evidence of Lost Wages or Mitigation to the Jury (Docket No. 86) are denied, in part, as moot, to the extent they seek to exclude Defendant's chart listing businesses that were hiring in Uniontown after Plaintiff Bloom was terminated; both motions are otherwise granted. However, if Plaintiffs suggest during trial that Plaintiff Bloom's alleged emotional distress resulted from her failure to find a new job or from alleged financial hardship resulting from her termination, the Court will reconsider its ruling on said motions.

> III. *Plaintiffs' Motion in Limine to Exclude Evidence of Amount of Unemployment Benefits (Docket No. 88)*

Plaintiffs have moved to exclude any evidence of unemployment compensation paid to Plaintiff Bloom on the basis that said benefits are a collateral source and therefore, inadmissible to offset any damages she may be awarded at trial. (Docket No. 88 at 2). Defendant concedes that unemployment compensation is not deductible from a back pay award in this Circuit (Docket No. 117 at 1-2), but insists that the jury is entitled to hear the evidence of unemployment compensation because if Aldi is held liable, the jury will have to determine whether and to what extent Plaintiff Bloom has suffered emotional distress.

As with the argument regarding the previous motions related to mitigation, Plaintiffs' counsel represented to the Court during the Pretrial Conference that they will not introduce evidence to the jury that suggests that Plaintiff Bloom suffered emotional distress as a result of losing her job or any financial hardship that resulted from that termination. Rather, Plaintiffs contend that any emotional distress suffered by Plaintiff Bloom was a result of her beliefs being questioned and ridiculed by her supervisors and coworkers.

Evidence regarding the amount of unemployment compensation received by Defendant Bloom is, therefore, irrelevant to the issue of emotional distress. Accordingly, Plaintiffs' motion (Docket No. 88) is granted. However, if Plaintiffs suggest at trial that Plaintiff Bloom's emotional distress resulted from financial hardship, the Court may reconsider its ruling on said motion. To that end, the Court is mindful that the collateral source rule may be applicable (*See Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83 (3d Cir. Pa. 1983)), and that unemployment benefits cannot be deducted from an employment discrimination back pay award. *See Gelof v. Papineau*, 829 F.2d 452, 454-455 (3d Cir. 1987). If any information concerning unemployment compensation is admitted, a limiting instruction will be given.

IV. *Defendant's Motion in Limine to Exclude Argument or Evidence Concerning Aldi's Confidential Financial Information (Docket No. 94)*

At the Pretrial Conference held on December 16, 2008, the parties agreed that Plaintiffs would introduce financial information only as it relates to Aldi's Saxonburg division. Defendant's motion to exclude argument or evidence concerning Aldi's confidential financial information is therefore denied as moot.

V. *Defendant's Motion in Limine to Enforce the Parties' Negotiated Protective Order (Docket No. 99)*

Plaintiffs have filed no response to Defendant's motion to enforce the parties' negotiated protective order and, during the Pretrial Conference, indicated their agreement with said motion. Accordingly, Defendant's motion (Docket No. 99) is granted.

VI. *Defendant's Motion in Limine to Preclude Argument or Evidence Regarding Punitive Damages (Docket No. 101)*

Defendant has moved to preclude argument or evidence regarding punitive damages. At the Pretrial Conference in this matter, the parties agreed that no counsel, party, or witness will refer to punitive damages in front of the jury until the Court rules on any defense motions concerning same at the close of Plaintiffs' case, and again at the close of all evidence in this case. However, to the extent that Plaintiffs seek to introduce evidence to meet the evidentiary threshold to sustain a claim for punitive damages, they are permitted to do so in their case in chief. Accordingly, Defendant's motion is granted, in part, and denied, in part. The motion is granted insofar as the parties are prohibited from referring to punitive damages prior to the close of evidence. Defendant's motion is denied insofar as Plaintiffs may introduce evidence of Defendant's alleged malice or reckless indifference. Plaintiffs may also refer to Defendant's general financial condition.

VII. *Plaintiffs' Motion in Limine to Preclude Defendant's Evidence on Harassment and Training Policies (Docket No. 104)*

Plaintiffs have moved to preclude Defendant from introducing evidence of its harassment and training policies to the jury on the basis that the substance of the evidence to be offered focuses on Defendant's harassment policies (particularly sexual harassment) and not on religious discrimination (Docket No. 104 at 2).

Upon consideration of the parties' submissions and the Court's review of an Aldi harassment training video (one of the exhibits Plaintiffs seek to exclude), the Court finds that Defendant would be unfairly prejudiced if were not able to present the disputed evidence regarding its harassment and training policies. The disputed evidence references Defendant's policy of preventing

8

"discrimination of any kind," and is therefore, relevant to Defendant's defense that it made good faith efforts to comply with anti-discrimination laws under *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999). (See Docket No. 104, Ex. A). To the extent that Plaintiffs have objected to the disputed evidence on the basis that it does not sufficiently address the issue of religious discrimination, Plaintiffs will have an opportunity to cross examine Aldi's witnesses as to same. Accordingly, Plaintiffs' motion (Docket No. 104) is denied.

VIII. *Defendant's Motion to Exclude Argument or Evidence Concerning Increases to Sunday Shift Requirements after Bloom's Termination (Docket No. 105)*

During the Pretrial Conference, Plaintiffs agreed that they will not offer argument or evidence concerning the increase in Sunday shift requirements put in place by the Defendant after Bloom's termination. Accordingly, the Court will grant Defendant's motion (Docket No. 105). However, to the extent Defendant introduces such evidence, the Court acknowledges that Plaintiffs retain the right to present argument or evidence on the issue.

IX. *Defendant's Motion to Preclude any Testimony by Thomas Cooper (Docket No. 107)*

Defendant has moved to preclude the testimony of Thomas Cooper, a former Aldi District Manager, on the basis that he 1) has no personal knowledge of Bloom's employment and 2) that any information he obtained about the case was obtained in anticipation of litigation and is, thus, privileged. (Docket No. 108 at 2). In their response to the motion (Docket No. 124) and during the Pretrial Conference, Plaintiffs' counsel indicated that Cooper will not testify as to Bloom's employment and will not offer any privileged information that was obtained in anticipation of litigation; rather, he will serve as a rebuttal witness to testimony anticipated to be offered by

9

Defendant as to requests for scheduling accommodations. Subsequent to the filing of the instant motion, Plaintiff Bloom amended her Witness List and Offers of Proof to reflect the scope of the proposed testimony (Docket No. 135). Accordingly, Defendant's motion (Docket No. 107) is denied. However, to the extent Cooper is called upon to speak to Bloom's employment, Cooper is prohibited from testifying about any such information, as he would have no personal knowledge of such matters.

      X.    *Plaintiffs' Motion in Limine to Preclude Defendant's After-Acquired Evidence (Docket No. 111)*

Plaintiffs have moved to preclude Defendant from offering any trial evidence that relates to complaints made by Aldi employees to the company's decisionmakers after it denied Bloom's request for an exemption from Sunday work (Docket No. 111). Defendant counters that 1) the complaints about Bloom's request were known to the relevant decisionmaker (Kim Anderson) prior to her decision to deny the request and 2) even if complaints were made after the decision to deny the accommodation request, any such complaints support Anderson's belief at the time she made the decision that employees would object to Bloom's request as unfair (Docket No. 116 at 3-4).

Plaintiffs are correct that Defendant "could not have been motivated by knowledge it did not have" at the time Ms. Bloom's request was denied (Docket No. 111 at 3 *quoting McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 360 (1995)). However, Defendant has presented evidence that the relevant decisionmaker, Kim Anderson, did, in fact, know that other employees would reactive negatively if she granted the request for accommodation.[1] (Docket No. 116 at 3-4).

---

[1]

For example, Defendant points to Anderson's deposition testimony, wherein she stated that at the time she was considering Plaintiff Bloom's request, she also considered the fact that there were

On the basis of a document contained in Plaintiff Bloom's personnel file as well as deposition testimony,[2] Plaintiffs claim that it was not possible that Anderson knew about the other employees' alleged objections at the time the decision to deny Bloom's request was made. (Docket No. 111 at 2 and Ex. A). However, as Defendant has presented evidence to the contrary, and said evidence relates directly to Defendant's potential undue hardship defense, a ruling on this motion is held in abeyance pending receipt of evidence at trial. Accordingly, Plaintiffs' motion (Docket No. 111) remains under advisement pending trial testimony.

*/s Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All Counsel of Record
Dated: December 31, 2008

---

"store employees throughout [her] division that did not want to work on Sundays" and that she knew other employees would complain if she granted Bloom's request. (Docket No 116 at 3).

[2] In support of the motion at Docket No. 111, Plaintiffs rely on a memo dated January 28, 2006 by Theresa Salandra, one of Defendant's district managers, as well as Salandra's deposition testimony. The memorandum, which was part of Bloom's personnel file, indicates that on January 27, 2006, Salandra and Bloom had a conference during which Salandra informed Bloom that Defendant would not grant her request and that she was subject to termination if she did not work her scheduled Sunday shift. (Docket No. 111, Ex. A). In Salandra's deposition testimony, she stated that Kelli Cooper (the manager of the store where Bloom worked) received complaints from other store employees about Bloom's request. (Docket No. 111 at 2). Salandra also testified that *after* the January 27, 2006 conference, Cooper told her that granting Bloom's request would be not be "fair." (*Id.*).